Summers, J.
delivered the opinion of the Court.
It is conceded by the counsel for the defendant, and the' Court concur with him in the opinion, that the Writ of Supersedeas was properly allowed, and that the law respecting an appeal by the plaintiff or demandant, has no relation to Writs of Error and Supersedeas.
On examining the question, whether the remedy sought in this case should have been by an Audita Querela, or Injunction, and not by motion, we are satisfied, as well from the uniform practice in Virginia, as from the modern decisions in England, that the more summary, and less expensive mode of proceeding by motion was proper, and that relief may be given in this way in all cases, where by *645 the ancient practice the party would be entitled to an viudita Querela.
When the claim of the party to relief depends on matters of fact, the Court may, in its discretion, cause them to be submitted to a jury, and such course is particularly proper where the evidence is contradictory, or where it may authorise conflicting inferences, and either of the parties are desirous of referring it to that forum. But, the ease before us does not, in our opinion, fall within this rule, nor does the record disclose any objection by the parlies to the mode of trial adopted.
The authority of the attorney to receive payment of the debt which he is employed to recover, we think well settled; but, that authority, in our opinion, does not extend to its commutation without the assent of the client. In relation to Quarles’s bond, we regard Banks, as the attorney of Dade, not of Smock. On giving an acquittance, or receipt for the money, he must have represented the former, not the latter. It was a new engagement, in which all his authority was derived from Dade: to him he must have looked for compensation, and to him he was accountable. To extend the authority of the attorney beyond this limit, without a general discretionary power from the party employing him, would carry the responsibility of the first client into transactions far beyond the first engagement, and which might be induced solely with a view to the profit of the attorney, or the accommodation of the debtor.
If, however, the receipt set out in the record had been the act. of Smock himself, it would not, in our opinion, have authorised the quashing of the execution, without further proof of the receipt of the money; as that paper imports that: the bond of Quarles was taken as a security, not as a pay ment. of the debt.
As the money actually paid to Banks by Dade, and by Buck on Dade’s order, did not amount to a full satisfaction of the judgments on account of which those payments were *646 made, the execution ought not to have been quashed, although it would have been entirely proper, if such motion had been submitted, for the Court to have entered a satisfaction of the judgments to the extent of those payments.
The following is to be entered as the judgment of the Court.
1. The law respecting an appeal by the plaintiff, or demandant, does not apply to. a Writ of Error, or Supersedeas, and therefore the penalty of the bond was properly directed by the Judge on awarding the Writ of Supersedeas in this case.
2. The law did not authorise the County Court to quash the execution on the evidence before it.
3. The Superior Court of Law ought to reverse the judgment of the County Court, and proceeding to give such judgment as the County Court ought to have rendered, to adjudge that the plaintiff below take nothing by his motion, &c.